UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal No. 12-01-ART-(2) |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| CRAIG WEST, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the Magistrate Judge's Recommended Disposition. R. 339. The procedural history leading up to the Magistrate Judge's recommendation is as follows:

On September 30, 2013, Defendant Craig West filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. R. 282. The Court referred this matter to Magistrate Judge Hanly A. Ingram pursuant to local practice and 28 U.S.C. § 636(b)(1)(B). On June 24, 2014, Judge Ingram conducted a limited evidentiary hearing. *See* R. 333. Judge Ingram then issued a thoughtful and thorough Recommended Disposition, finding that West had failed to establish that he was entitled to relief under 28 U.S.C. § 2255. R. 339. Judge Ingram recommended that this Court deny West's motion and not issue a Certificate of Appealability. *Id.* West filed timely objections to Judge Ingram's Recommended Disposition. R. 343. After reviewing West's claims *de novo*, this Court agrees with Judge Ingram and, accordingly, will adopt Judge Ingram's Recommended Disposition as the opinion of the Court. *See id.*

## BACKGROUND

Judge Ingram has ably recounted the background in this case. *Id.* at 1–5. Thus, a brief summary suffices. West stood trial on a single count of conspiracy "to knowingly and intentionally distribute, and possess with intent to distribute, a quantity of pills containing oxycodone, a Schedule II controlled substance," in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Id.* The Court appointed Brandon J. Storm to represent West at trial, pursuant to the Criminal Justice Act. *See* R. 69. The trial lasted three days, and included testimony from 14 witnesses for the United States. R. 268; R. 269; R. 270. Though West did not call any witnesses, Christi N. Combs—West's co-defendant—testified on her own behalf. R. 270 at 110–39. Two of the witness for the United States—Blake Gumm and Joseph Stripling—had pled guilty, *see* R. 269 at 180–236, 360–84, and two other witnesses—Robert Gumm and Kendra Eldridge—were defendants in related cases. *See United States v. Robert Thomas Gumm*, 6:11-CR-46-ART-HAI. All four testified at trial that they had signed a plea agreement, that they anticipated the potential of a reduced sentence due to their cooperation by testifying, and that they understood that the Court would decide whether they received a reduced sentence. R. 268 at 97–98 (Eldridge); R. 269 at 39–41 (Robert Thomas Gumm); R. 269 at 183–85 (Blake Gumm); R. 269 at 361–62 (Stripling).

On May 9, 2012, the jury found West guilty and, on September 13, 2012, the Court sentenced West to 115 months of incarceration followed by five-years of supervised release. R. 247. When West filed a *pro se* appeal on March 11, 2013, nearly 6 months after the Judgment was entered in this case, R. 265, the Sixth Circuit dismissed the appeal as untimely. R. 271. West then notified his trial attorney, Storm, that he believed Storm had

provided ineffective assistance of counsel for failing to appeal West's conviction. R. 275.

On September 30, 2013, West filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, R. 282, asserting nine bases for relief: (1) That counsel did not file an appeal on West's behalf as he requested, *id.* at 4, 5, 9; (2) that the undersigned instructed the jury that it need only find West guilty by a preponderance of the evidence rather than beyond a reasonable doubt, and counsel was ineffective for failing to object to the erroneous instruction, *id.* at 13; (3) that counsel refused to allow West to testify in his own defense, *id.*; (4) that counsel failed to present a defense because he did not put on proof of West's oxycodone addiction, *id.*; (5) that counsel did not object to the United States' use of West's medical and pharmaceutical records and its assertion that West sold every pill prescribed to him, *id.*; (6) that West was denied his right to testify in his own defense because he relied on his counsel's advice not to testify, *id.* at 13–14; (7) that the United States denied West due process by using his legitimate one-year prescription history to calculate the amount of oxycodone attributable to West, *id.* at 14; (8) that the United States denied West due process by letting witnesses who had entered into plea agreements in the same or a related case testify that they were not receiving any relief as to sentencing in exchange for their testimony at West's trial; and (9) that the Court denied West due process by instructing the jury that it need only find West guilty by a preponderance of the evidence rather than beyond a reasonable doubt, *id.*

On June 24, 2014, the Judge Ingram held an evidentiary hearing to resolve whether West instructed Storm to file an appeal on his behalf. *Id.* Both West and Storm testified at the hearing. R. 332. Neither party filed a post-hearing brief. After thorough consideration,

Judge Ingram concluded that West procedurally defaulted on claims (6) through (9) and failed to establish claims (1) through (5). R. 339. Judge Ingram thus recommended that this Court deny all nine claims in West's motion and not issue a Certificate of Appealability.

West objected to Judge Ingram's Recommended Disposition, reasserting eight of his original nine claims. R. 343 at 7 (accepting Judge Ingram's finding as to claim (2)—that the Court properly explained the appropriate burdens of proof to the jury). Pursuant to 28 U.S.C. § 636(b)(1) and Rules Governing Section 2255 Proceedings, Rule 8(b), this Court reviews Judge Ingram's recommendations *de novo*. For the reasons set forth below, this Court adopts Judge Ingram's recommendations as the opinion of this Court.

## DISCUSSION

West objects to Judge Ingram's Recommended Disposition generally. General objections are not permitted. *See Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). Therefore this Court will address only the specific arguments raised in West's objections. First, West objects to Judge Ingram's finding that he waived his right to appeal, and to the underlying factual finding that he did not instruct Storm to file an appeal (claim (1)). Second, West objects to the recommended disposition of his ineffective assistance of counsel claims (claims 3–5). Finally, West concedes that claims (6)–(9) are procedurally defaulted, but asserts that Storm's failure to appeal excuses his default. His third objection is therefore dependent on the disposition of his first.

## I. Judge Ingram's determination that West waived his right to appeal was correct.

Judge Ingram found that West's assertion that he instructed Storm to file an appeal was not credible. R. 339 at 8. As Judge Ingram observed, the best evidence of West's

waiver is his handwritten note stating "I Craig West decline to file an appeal 9/27/12." *Id.* at 9 (citing R. 295-1 at 12). West admits that he wrote and signed the note, but contends that Storm took advantage of him and persuaded him to write the note to stave off any future claims of ineffective assistance of counsel. R. 343 at 5. West's objection amounts to a claim that Storm was not merely incompetent, but actually nefarious. There simply is no evidence for that assertion. And, as is evident here, such a plot would not work since West still can file an ineffective assistance of counsel claim. Because West waived his right to appeal, the lack of appeal cannot serve to excuse the procedural default of claims (6)–(9). *See Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000).

## II. Judge Ingram's determination that West did not receive ineffective assistance of counsel was correct.

West asserts that Storm was constitutionally ineffective in three respects: Storm (1) prevented West from testifying at trial; (2) failed to present evidence of West's oxycodone addiction; (3) failed to object both to the government's use of West's medical and pharmaceutical records and to the assertion that West sold every pill prescribed to him. The Court will address each in turn.

### A. Right to Testify

After considering West's objection and reviewing *de novo* Judge Ingram's Recommended Disposition, this Court finds that Judge Ingram accurately stated the law governing West's right to testify and his claimed ineffective assistance of counsel as it pertains to that right. R. 339 at 14–15. While West objects to Judge Ingram's findings, he presents no basis in law or fact for his objection. R. 343 at 7. Even taking West's (belated) assertion that he "wanted to testify but was strongly counseled not to testify" to be true, and

fully crediting his "asser[ion] that he was unaware of his right to testify or that he was not barred from seeking the Court's assistance," West has not established prejudice.  He has not offered any details about the substance of his testimony—that is fatal to his claim.  *See Hodge v. Haeberlin*, 579 F.3d 627, 640 (6th Cir. 2009).

### B.      Evidence of Addiction

West asserts that Storm failed to acquire his medical or pharmaceutical records and failed to present testimony from a number of witnesses who would have corroborated West's addiction.  R. 343 at 7–8.  Assuming that Storm performed deficiently, West has again failed to establish prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  As Judge Ingram observed, an addiction to oxycodone is not incompatible with selling oxycodone.  Nor would proof of West's addiction to oxycodone negate the trial evidence that West sold pills to other members of the conspiracy—indeed West does not deny that he sold oxycodone pills.  R. 343 at 9.  Absent a showing of prejudice, West's claim of ineffective assistance of counsel must fail.

### C.      Medical and Pharmaceutical Records

West asserts that Storm provided ineffective assistance of counsel by failing to object to the government's use of West's medical and pharmaceutical records, and to the government's assertion that he sold every pill prescribed to him.  While West asserts that the records admitted at trial were "selective and inconclusive," he has not asserted—before Judge Ingram or this Court—that they were irrelevant, inauthentic, or overly prejudicial.  That is, West has not offered any basis to find the records inadmissible.  As Judge Ingram rightly stated, objecting to admission of the records without a basis to do so would be

frivolous, and failure to make a frivolous objection is not ineffective assistance of counsel. *See Green v. United States*, 23 F.3d 406, *2 (6th Cir. 1994) (unpublished).[1]

**III.    Judge Ingram's determination that a certificate of appealability should not issue was correct.**

West's objection to the recommended denial of a certificate of appealability consists of reasserting the above objections.  Having considered the objections and conducted a *de novo* review of Judge Ingram's Recommended Disposition, this Court finds that West has not made the required "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  Consequently, no Certificate of Appealability should issue.

## CONCLUSION

Accordingly, it is **ORDERED** that the Court **OVERRULES** the defendant's objections.  *See* R. 343.  The Court **ADOPTS** Magistrate Judge Hanly A. Ingram's Report and Recommended Disposition, R. 339, **DENYING** the defendant's habeas petition and **DENYING** a Certificate of Appealability as to all claims, R. 282.

This the 22nd day of September, 2014.

Signed By:

*Amul R. Thapar*   ᴀᴛ

**United States District Judge**

---

[1] Judge Ingram correctly stated that the quantity of pills sold was immaterial to West's conviction.  Storm did object to the pill quantity calculation, and West has not demonstrated—before Judge Ingram or this Court—any deficiency in Storm's performance in that regard.